UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INGE T ANDERSON,

    Plaintiff,

    v.

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

NO. C17-0891RSL

ORDER GRANTING IN PART
LT. COL. ANDERSON'S MOTION
TO DISMISS

This matter comes before the Court on "Defendant Scott Anderson's 12(b)(6) Motion to Dismiss . . . ." Dkt. # 13.[1] Plaintiff filed this action against her ex-husband and the United States of America based on an alleged contract and torts arising from its breach. The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "All well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008) (internal citation omitted). "Dismissal is proper only where

---

[1] Defendant's motion is alternatively titled a "Response to Plaintiff's Motion on Complaint." Plaintiff has not filed a motion in this matter, and Lt. Col. Anderson has already filed an answer to the complaint.

ORDER GRANTING IN PART LT. COL.
ANDERSON'S MOTION TO DISMISS - 1

there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Taylor v. Yee, 780 F.3d 928, 935 (9th Cir. 2015) (internal citation omitted). Although, the Court's review is generally limited to the contents of the complaint (Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996)), it may nevertheless consider documents referenced extensively in the complaint, matters of public record, and documents whose contents are alleged in the complaint and whose authenticity is not challenged. Northstar Fin. Advisors Inc. v. Schwab Investments, 779 F.3d 1036, 1042-43 (9th Cir. 2015). Most of the documents attached to defendant's motion do not fall into those categories. The Court has, however, taken judicial notice of the service documents and the Affidavit of Support Form I-864 that is currently utilized by the United States Citizenship and Immigration Services and published at https://www.uscis.gov/sites/default/files/files/form/i-864.pdf.[2]

Plaintiff's claims against her ex-husband are based on his 2011 submission of a Form I-864 in support of plaintiff's immigration to the United States.[3] The Form allows persons in the United States to promise financial support for immigrants as a means of alleviating the government's concern that the immigrant will become a public charge. Potential signers are warned that their signature creates "a contract between you and the U.S. Government" that they

---

[2] Although plaintiff's complaint and response to this motion state that the Form I-864 completed by Lt. Col. Anderson in 2011 was attached as an exhibit to the complaint, there is no such exhibit. See Dkt. # 1-1 and Dkt. # 3.

[3] Plaintiff also asserts that there was a violation of an Air Force advisory notifying members of the service that they are expected to provide financial support to family members. The only duty identified, however, is the duty to comply with the support obligations of Form I-864. Dkt. # 1-1 at ¶ 3.2.4. Plaintiff has not alleged facts giving rise to a plausible inference that she would have a cause of action directly under Instruction 36-2906. The Court accepts her allegation that the duty to financially support her arose solely from the Affidavit of Support Form I-864.

ORDER GRANTING IN PART LT. COL.
ANDERSON'S MOTION TO DISMISS - 2

will be required to provide a financial safety net to the immigrant. The Form specifically states that failure to provide the promised support may result in a lawsuit by the intended beneficiary and/or any agency that provides means-tested public benefits to the immigrant. In addition, the circumstances under which the obligation terminates are very limited. The form twice notified potential signers that divorce does not terminate the support obligations. See https://www.uscis.gov/sites/default/files/files/form/i-864.pdf.

In his motion to dismiss, Lt. Col. Anderson argues that the alleged contract was unconscionable based on "Baines v. Baines."[4] Dkt. # 13 at 13. Support obligations under Form I-864 are regularly upheld in federal court (see Shumye v. Felleke, 555 F. Supp.2d 1020 1024 (N.D. Cal. 2008)), and defendant offers nothing more than an assertion that the obligations are unfair because he felt he had to sign the I-864 so that plaintiff could get a visa, he did "not realiz[e] what he was signing up for," and he had no reasons to suspect that plaintiff "would later try to game the system." Dkt. # 13 at 13. Defendant acknowledges signing the affidavit of support and has not identified any term that was so one-sided as to shock the conscience. See Al-Safin v. Circuit City Stores, Inc., 394 F.3d 1254, 1261 (9th Cir. 2005). He is essentially arguing that the perpetual support obligation imposed by the United States immigration service in exchange for a visa is unfair. There are policy reasons for putting the financial onus of support on a sponsor in the immigration context, however. Defendant has not shown that the contract was unconscionable or is otherwise unenforceable.

The remedy for a breach of an I-864 promise of support is usually the amount necessary

---

[4] Defendant provides no citation for this case
.

ORDER GRANTING IN PART LT. COL.
ANDERSON'S MOTION TO DISMISS - 3

to maintain plaintiff at or slightly above the federal poverty line minus any income or benefits the sponsored immigrant received from other sources. If plaintiff can prove an on-going duty to provide support, the Court's legal power to compensate plaintiff for past losses may not be adequate, in which case the Court may use its broad equitable powers to compel defendant to specifically perform his promise going forward. See Crafts v. Pitts, 161 Wn.2d 16, 23-24 (2007). Defendant has not shown that he is entitled to dismissal of the claim for specific performance.

Plaintiff's negligence and outrage claims do not raise a plausible inference of liability. To prevail on a negligence claim, plaintiff must show a duty, the breach of that duty, and damages resulting therefrom. Plaintiff has not identified any duty other than an obligation to perform under the contract created by Form I-864. A plaintiff may pursue a tort claim against a party with whom she has a contract only if the tort duty arises independently of the terms of their contract. Donatelli v. D.R. Strong Consulting Eng'rs, Inc., 179 Wn.2d 84, 98 (2013). In addition, plaintiff's allegations in support of her outrage claim are entirely formulaic, and she has not alleged extreme and outrageous conduct. Her tort claims therefore fail as a matter of law and will be dismissed.

Finally, defendant argues that plaintiff's claims have not been adequately pled under Fed. R. Civ. P. 9(b). Plaintiff has asserted a contract claim and tort claims arising from the breach of the contract. None of these claims sounds in fraud. The Court finds that the pleading standard set forth in Fed. R. Civ. P. 8(a) therefore applies.

//

For all of the foregoing reasons, Lt. Col. Anderson's motion to dismiss is GRANTED in part and DENIED in part. Plaintiff's breach of contract claim against this defendant may proceed. Her negligence and outrage claims are hereby DISMISSED.

Dated this 22nd day of December, 2017.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART LT. COL.
ANDERSON'S MOTION TO DISMISS - 5