UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INGE T. ANDERSON,

    Plaintiff,

    v.

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

Case No. C17-0891RSL

ORDER GRANTING UNITED STATES AND UNITED STATES AIR FORCE'S MOTION TO DISMISS

This matter comes before the Court on defendant United States' Motion to Dismiss. Dkt. #17. Plaintiff filed this action against her ex-husband, the United States of America, and the United States Air Force based on an alleged contract and torts arising from its breach. Defendants United States of America and United States Air Force (hereinafter, "the United States") argue they should be dismissed entirely from the action pursuant to Fed. R. Civ. P 12(b)(1) for lack of subject matter jurisdiction or alternatively pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted.

The United States seeks dismissal of the claims against it on sovereign immunity grounds. Jurisdiction is a threshold matter that should be considered before addressing the merits of plaintiff's claims. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-96 (1998). When evaluating its jurisdiction, the Court may consider facts outside of the four-corners of the complaint to assure itself that it does, in fact, have the power to hear this matter. Americopters,

ORDER GRANTING UNITED STATES'
MOTION TO DISMISS

LCC v. Fed. Aviation Admin., 441 F.3d 726, 732 n.4 (9th Cir. 2006). The Court has, therefore, considered Form I-864, see https://www.uscis.gov/sites/default/files/files/form/i-864.pdf; Dkt. #12 at 2 (taking judicial notice of the Form), and the motions and exhibits submitted by both plaintiff and the United States on this issue.

The United States' Rule 12(b)(6) arguments require the Court to evaluate whether the facts alleged in the complaint sufficiently state a facially "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "All well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008) (internal citation omitted). "A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of the elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief." Somers v. Apple, Inc., 729 F.3d 953, 959–60 (9th Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal quotations omitted). "Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Taylor v. Yee, 780 F.3d 928, 935 (9th Cir. 2015) (internal citation omitted).

Dismissal without leave to amend is proper if it is clear the complaint could not be saved by any amendment. See United States v. Corinthian Colleges, 655 F.3d 984, 995 (9th Cir. 2011).

**I. Overview**

Plaintiff's claims are based on her ex-husband's submission of a Form I-864 in support of plaintiff's immigration to the United States. The Form allows persons in the United States to promise financial support for immigrants as a means of alleviating the government's concern

that the immigrant will become a public charge. See https://www.uscis.gov/sites/default/files/files/form/i-864.pdf. Form I-864 creates a contract between the sponsor and the U.S. Government for the benefit of the sponsored immigrant and the benefit of any Federal, State, or local governmental agency or private entity that is called upon to provide any "means-tested public benefits" to the immigrant. Erler v. Erler, 824 F.3d 1173, 1175 (9th Cir. 2016) (citing 8 C.F.R. § 213a.2(d); 8 U.S.C. § 1183a(a)(1)).

Plaintiff appears to raise the following claims against the United States: (1) breach of contract stemming from the United States' failure to compel defendant Anderson to fulfill his contractual obligations, Dkt. #3 at ¶ 3.1; (2) violation of Air Force Instruction 36-2906 § 1.2.3.7.1, stemming from the Air Force's failure to garnish defendant Anderson's wages to satisfy his alleged obligation to plaintiff under Form I-864, Dkt. #3 at ¶ 3.2; (3) negligence arising from the United States' failure to perform its obligations under Form I-864, Dkt. #3 at ¶ 3.4; (4) negligence arising from the failure to comply with Air Force Instruction 36-2906, Dkt. #3 at ¶ 3.5; and (5) intentional infliction of emotional distress arising from defendants' negligence. Dkt. #3 at ¶ 3.7.[1]

## II. Subject Matter Jurisdiction

The United States argues that it should be dismissed entirely from this suit due to lack of subject matter jurisdiction based on sovereign immunity. The United States and its agencies are immune from suit absent "an express waiver of this immunity by Congress." Tobar v. U.S., 639

---

[1] While plaintiff's claim for specific performance is briefly addressed by defendants in their motion to dismiss, see Dkt. #17 at 6; Dkt. #3 at ¶ 3.3, the Court finds this claim is directed only to defendant Anderson. However, were the claim directed at the United States, it is correct that there would be no jurisdiction over equitable claims. See §1346(b) (Federal Tort Claims Act authorizes only "money damages."); Richardson v. Morris, 409 U.S. 464, 465 (1973) (Tucker Act authorizes "only actions for money judgments and not suits for equitable relief against the United States.").

F.3d 1191, 1195 (9th Cir. 2011) (quoting Block v. N.D. ex rel. Bd. of Univ. & Sch. Lands, 461 U.S. 273, 280 (1983)). As the United States Air Force is a federal agency, both it and the United States are entitled to sovereign immunity. Sovereign immunity is a legal protection that prevents a sovereign such as the United States from being sued without its consent. This protection is jurisdictional in nature. This means that if the United States does not consent to be sued, the Court cannot hear the claims. See F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). Congress has waived the United States' sovereign immunity to limited types of suits through legislation. See Dep't of Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1999). However, such waivers must be "unequivocally expressed in statutory text" and are strictly interpreted as to preserve the sovereign immunity of the United States. Lane v. Pena, 518 U.S. 187, 192 (1996). Therefore, absent an express waiver of sovereign immunity, plaintiff's claims against the United States and the United States Air Force cannot proceed.

### A. Form I-864 Claims

Plaintiff brings two claims against the United States based directly on the Form I-864: a breach of contract claim and a negligence claim based on the breach of contract.

The Tucker Act and its companion statute, the Little Tucker Act, waive United States sovereign immunity and permit money-damages claims based on "any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1) (Tucker Act); 28 U.S.C. § 1346(a)(2) (Little Tucker Act); see United States v. Mitchell, 463 U.S. 206, 215 (1983) (Tucker Act); United States v. Bormes, 568 U.S. 6, 9–10 (2012) (Little Tucker Act). Taken together, the Acts provide the district courts and the Court of Federal Claims with concurrent jurisdiction over claims not exceeding $10,000 and give the Court of Federal Claims exclusive jurisdiction over all other claims. See McGuire v. United States, 550 F.3d 903, 910–11 (9th Cir. 2008). To maintain a contract-based cause of action, "the contract must be between the plaintiff and the government and entitle the plaintiff to money damages in the event of the government's breach

ORDER GRANTING UNITED STATES'
MOTION TO DISMISS            -4-

of that contract." Ransom v. United States, 900 F.2d 242, 244 (Fed. Cir. 1990) (internal citations omitted). Direct third-party beneficiaries of government contracts may also sue. See Guardsman Elevator Co. v. United States, 50 Fed. Cl. 577, 580 (2001).

It is undisputed that the Form I-864 is a contract between the sponsor and the United States. See Erler v. Erler, 824 F.3d 1173, 1175 (9th Cir. 2016); Dkt. #3 at ¶¶ 2.1 & 3.1.4; Dkt. #17 at 2. The Court also finds that plaintiff is a third-party beneficiary under the Form: the benefits to the immigrant are obvious and courts regularly allow immigrants to sue their sponsors to enforce their monetary rights under the contract. See Shumye v. Felleke, 555 F. Supp.2d 1020, 1024 (N.D. Cal. 2008). However, defendants are correct that plaintiff lacks the ability to sue the United States under the Form. Assuming the contract was breached, plaintiff has no right to money damages from the non-breaching party. The Form does not impose an obligation on the United States to make payments of any kind.[2] It simply states that government agencies *may* sue the sponsor for reimbursement due to support noncompliance. See Form I-864, part 8. While the Tucker Act can waive sovereign immunity and allow suits against the United States for breach of contract, it does not waive sovereign immunity for plaintiff in this case because, by the terms of the Form, plaintiff does not have a contractual right that can be enforced against the United States. Without a waiver of sovereign immunity, this Court lacks jurisdiction over claims against the United States. See F.D.I.C., 510 U.S. at 475. Therefore, plaintiff lacks jurisdiction to bring any claims against the United States pursuant to the contract created by Form I-864.

When suing the United States for a tort based entirely on breach of contract, the Federal Tort Claims Act (FTCA) does not provide jurisdiction. The Tucker Act is the proper source of

---

[2]Because the Form imposes neither a monetary obligation nor an enforcement obligation on the United States, plaintiff has failed to plead that the United States breached the contract in any way. This is true regardless of whether her claim is for damages arising from a failure to enforce against her sponsor or for direct payment of the amounts allegedly owed by the sponsor.

jurisdiction over what is, in essence, a contract claim. See Woodbury v. United States, 313 F.2d 291, 295–96 (9th Cir. 1963); Love v. United States, 915 F.2d 1242, 1245–46 (9th Cir. 1989) (noting that the tort claim must truly be inseparable from the contract claim under state law). The Court has already found that plaintiff's negligence claim based on the Form I-864 cannot be brought separately from the breach of contract claim under Washington law because the tort duty does not arise independently of the terms of the contract. See Dkt. #12 at 4; Donatelli v. D.R. Strong Consulting Eng'rs, Inc., 179 Wn.2d 84, 98 (2013). Therefore, the only source of jurisdiction at issue is the Tucker Act, and the Tucker Act does not provide jurisdiction for these claims.

Plaintiff's contract and tort claims based on the Form I-864 will be dismissed without leave to amend because the governing law does not support jurisdiction over these claims. No amendment to the complaint could remedy this jurisdictional deficiency.

**B. Air Force Instruction Claims**

Likewise, the Court lacks subject matter jurisdiction over the claims based on Air Force Instruction 36-2906 § 1.2.3.7.1. The United States asserts that the Instruction does not "say anything about, let alone expressly establish, a waiver of sovereign immunity." Dkt. #17 at 5. This is not entirely correct: the Instruction explicitly rests on 42 U.S.C. § 659(a), which does waive sovereign immunity. However, it is a narrow waiver intended only to allow state courts to issue valid orders attaching funds possessed by United States agencies in order to fulfill child support and alimony obligations. See Rose v. Rose, 481 U.S. 619, 635 (1987); 42 U.S.C. §§ 659(a), (i)(5). Plaintiff has not alleged that she is entitled to alimony or child support. This waiver of sovereign immunity does not, therefore, extend to her claims. As the related negligence claim is an identical claim disguised as a tort, both claims fail on jurisdictional

ORDER GRANTING UNITED STATES'
MOTION TO DISMISS            -6-

grounds.³

The claim for violation of the Air Force Instruction will be dismissed with leave to amend. If plaintiff can, consistent with her obligations under Fed. R.Civ. P. 11, allege that she is entitled to alimony or child support to be garnished from defendant Anderson by the United States, she may amend her complaint. If such an amendment is filed, plaintiff shall attach a copy of the court order providing for such alimony or child support. If she is not in possession of the court order, she must provide under penalty of perjury the name of the court and the date corresponding to the order.

The claim for negligent violation of the Air Force Instruction will be dismissed without leave to amend. That claim is duplicative of the breach of Instruction claim. In addition, the Court lacks jurisdiction over the claim: the governing law does not permit the United States to be sued for negligence under the Instruction. No amendment could remedy the jurisdictional deficiency.

**C. Intentional Infliction of Emotional Distress Tort Claims**

Plaintiff's intentional infliction of emotional distress (IIED) claims against the United States also fails on jurisdictional grounds. As a threshold matter, the only proper defendant in an FTCA action is the United States of America. The FTCA does not permit suit against United States agencies. See Woods v. United States, 720 F.2d 1451, 1452 n. 1 (9th Cir.1983); 28 U.S.C. § 1346(b)(1); 28 U.S.C. § 2679(a). Therefore, the IIED claim against the United States Air Force is dismissed without leave to amend for lack of jurisdiction.

---

³It is possible that plaintiff's negligence claim for violation of Air Force Instruction 36-2906 is based on the theory of negligence per se. However, a tort claim for negligence per se predicated on a *federal* law or regulation, such as an Air Force Instruction or section of the United States Code, rather than on a state law, likewise lacks jurisdiction under the FTCA. See Delta Sav. Bank v. United States, 265 F.3d 1017, 1024 (9th Cir. 2001) (citing FDIC v. Meyer, 510 U.S. 471, 475–79 (1994)) ("Plaintiffs suggest, without support, that an FTCA claim can be brought for violations of federal statutes that provide private federal causes of action, even if there is no analogous state law. This is not so.").

It is a jurisdictional requirement that a party must present an administrative claim to the appropriate federal agency and that the agency finally deny the claim before the party may file an action under the FTCA. See 28 U.S.C. § 2675(a); Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000). Defendants assert that plaintiff did not properly file an administrative claim with the United States Air Force. Because this assertion is a factual attack on plaintiff's jurisdictional allegations, plaintiff has the burden of proving by a preponderance of the evidence that the requirements for subject matter jurisdiction, including the final denial of an administrative claim, have been met. The Court may resolve factual disputes related to its jurisdiction. See Leite v. Crane Co., 749 F.3d 1117, 1121–22 (9th Cir. 2014).

Plaintiff states that she submitted complaints to both the United States Air Force at Andrews Air Force Base and the United States Citizenship and Immigration Services (USCIS) using "all the correct forms" and that the agencies never answered her complaints. Dkt. #18 at 9. She contends that the failure of the agencies to dispose of her administrative claims constitutes a final denial, and that she had the right to proceed to the district court after six months. See Dkt. #18 at 9. Plaintiff offers no filing dates or exhibits related to her administrative claims. Defendants have run a full search of Air Force, Joint Base Andrews, and Joint Base Lewis-McChord tort claim records and could not find an administrative tort claim record on behalf of plaintiff. See Dkt. #17-1. Plaintiff offers only the suggestion that defendants lost the records to rebut the United States' declaration. Dkt. #18 at 9. The Court therefore finds that plaintiff has failed to prove by a preponderance of the evidence that she filed an administrative tort claim with the Air Force prior to filing this suit.

The United States has not rebutted plaintiff's claim that she filed an administrative claim with USCIS. However, plaintiff fails to provide sufficient evidence or information to support this claim. The only concrete allegation regarding contact with the United States or its agencies is that plaintiff twice submitted Form I-363 to USCIS prior to filing suit. Dkt. #3 at ¶ 3.1.6. That

form is a USCIS form intended for use by "certain Amerasian children ... born in Cambodia, Korea, Laos, Thailand, or Vietnam after December 31, 1950, and before October 22, 1982, and ... fathered by a U.S. citizen," to enforce affidavits of support. See https://www.uscis.gov/tools/glossary/amerasian-act;https://www.uscis.gov/sites/default/files/files/form/i-363.pdf. Based on the facts alleged, this form is not applicable to plaintiff, who is Dutch and does not claim any U.S. citizen parents. Additionally, Form I-363 does not constitute an administrative claim against the United States or its agencies, let alone an administrative tort claim for IIED. Even if, as plaintiff contends, the United States did misplace plaintiff's properly filed administrative claims, plaintiff provides no dates from which the Court could calculate the jurisdictionally required six month denial period. Therefore, the Court finds that plaintiff has not alleged sufficient facts to support her claim that she filed an administrative tort claim with USCIS prior to filing this suit.

Because plaintiff failed to show that she exhausted her administrative remedies prior to bringing this suit, plaintiff's IIED claim against the United States will be dismissed for lack of jurisdiction with leave to amend.[4] Plaintiff may amend her complaint to show that she presented administrative tort claims for IIED with the United States Air Force and/or USCIS at least six months prior to bringing this suit and received no response from the agencies.[5] If plaintiff

---

[4] The United States has also argued that these claims should be dismissed for failure to state a claim on which relief can be granted because the FTCA expressly bars intentional infliction of emotional distress claims. However, this is a misstatement of the law. Under the FTCA, courts can and do exercise jurisdiction over IIED claims not arising from one of the enumerated exceptions. See Sabow v. United States, 93 F.3d 1445, 1456–57 (9th Cir. 1996), as amended (Sept. 26, 1996); Sheehan v. United States, 896 F.2d 1168, 1169 (9th Cir.), amended, 917 F.2d 424 (9th Cir. 1990). The United States has not made any other argument for the Court to consider under Rule 12(b)(6) relating to the IIED claims.

[5] Under the FTCA, an administrative claim is "presented" when the plaintiff files with the agency "(1) a *written* statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." Blair v. I.R.S., 304 F.3d 861, 864 (9th Cir. 2002) (internal quotation omitted) (emphasis added). A viable amendment by plaintiff must allege facts

ORDER GRANTING UNITED STATES'
MOTION TO DISMISS                    -9-

amends her complaint as such, she must attach to the amended complaint dated copies of any administrative tort claim filings. If plaintiff does not have access to her administrative tort complaint(s), she must attach a declaration under penalty of perjury providing the following information regarding each administrative complaint: (1) the date she submitted the complaint to the agency; (2) the agency to which she submitted the complaint; (3) how she submitted the complaint (e.g., electronic, by mail, etc.); (4) any forms used to submit the complaint; (5) the tort claim(s) alleged in the complaint; and (6) information on any further contact she had with the agency regarding her complaint.

**III. Conclusion**

For the foregoing reasons, the Court finds and ORDERS as follows:

1. Defendants United States and United States Air Force's motion to dismiss (Dkt. #17) is GRANTED.

2. Plaintiff's claims against the United States of America for breach of contract arising from Form I-864 (Dkt. #3 at ¶ 3.1) and negligent breach of contract arising from Form I-864 (Dkt. #3 at ¶ 3.4) are DISMISSED for lack of subject matter jurisdiction without leave to amend.

3. Plaintiff's claim against the United States Air Force for violation of Air Force Instruction 36-2906 (Dkt. #3 at ¶ 3.2) is DISMISSED for lack of subject matter jurisdiction with leave to amend.

4. Plaintiff's claim against the United States Air Force for negligent violation of Air Force Instruction 36-2906 (Dkt. #3 at ¶ 3.5) is DISMISSED for lack of subject matter jurisdiction without leave to amend.

---

showing that this standard is satisfied.

5. Plaintiff's intentional infliction of emotion distress claim against the United States Air Force (Dkt. #3 at ¶ 3.7) is DISMISSED for lack of subject matter jurisdiction without leave to amend.

6. Plaintiff's intentional infliction of emotional distress claim against the United States of America (Dkt. #3 at ¶ 3.7) is DISMISSED for lack of subject matter jurisdiction with leave to amend.

Dated this 22nd day of February, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge