# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

INGE T. ANDERSON,

    Plaintiff,

v.

SCOTT ALAN ANDERSON,

    Defendant.

NO. C17-0891RSL

ORDER REGARDING PENDING DISCOVERY MOTIONS

This matter comes before the Court on plaintiff's "Motion for Protecti[ve] Order on Defendant[']s Deposition Notice" (Dkt. # 44), defendant's "Motion to Extend Time for Both Parties to Complete Discovery" (Dkt. # 46), plaintiff's "Motion to Compel" (Dkt. # 48), and defendant's "Motion to Compel Plaintiff to Attend Properly Scheduled Deposition" (Dkt. # 58).[1]

---

[1] The last motion, filed on November 28, 2018, deals with the same issues that were already before the Court, primarily whether plaintiff should be compelled to appear for a deposition. There is no reason to have a separate round of briefing to discuss the same issues. If defense counsel failed to raise or properly support arguments in response to the motion for protective order, she cannot fix the problem by simply filing duplicative and untimely motions in order to have another bite at the apple.
    Defense counsel failed to properly note her latest motion. Motions to compel must be noted on the Court's calendar for the third Friday after filing, not the second Friday. Counsel is again instructed to review the local rules of this district, in particular LCR 7, as well as the CM/ECF filing procedures. See Dkt. # 15 at 2. Continued failures to follow the procedural rules of this district, including noting dates, filing deadlines, and proper linking of documents to pending motions, will give rise to an inference that counsel has ignored the Court's orders and will likely result in sanctions against her personally. Because these matters can be resolved without the need for additional briefing, the motion to compel (Dkt. #58) will not be renoted.

ORDER REGARDING PENDING
DISCOVERY MOTIONS - 1

Because defense counsel has filed two versions of the request for an extension of time and at least three untimely documents that may or may not be related to these issues, the Court specifically states that it has considered Dkt. # 44, 46, 48-51, 55, 57, and 58 in ruling on these motions.

Neither party was diligent in pursuing discovery in this case, resulting in a last-minute rush to serve and respond to discovery requests that would be due only after the discovery period had closed and precluding the timely consideration of discovery-related motions. The original discovery cutoff date was October 9, 2018. Dkt. # 24 at 1. Plaintiff began serving discovery requests twenty days before the cutoff, meaning that responses were not due under the Federal Rules of Civil Procedure until after the cutoff and any motion to compel would be untimely. See Dkt. # 24 at 1 ("All motions related to discovery must be noted on the motion calendar no later than the Friday before discovery closes pursuant to LCR 7(d) or LCR 37(a)(2)."). Two days after the discovery period ended, plaintiff filed a motion to extend discovery until November 6th. Dkt. # 36. Although plaintiff failed to show that she had been diligent in her attempts to meet the existing deadline, defendant did not oppose the motion and it was therefore granted. Dkt. # 40. Defendant then took the opportunity to serve written discovery and note plaintiff's deposition for November 6th, requesting the production of twenty categories of documents on six days' notice.

Discovery is not a game of hide-and-go-seek, gotcha, or tit-for-tat. One does not get to refuse to attend a deposition because she feels that the other side had not made full disclosures, nor does one get to eschew all efforts to prepare for trial and then compel the production of documents on short notice. Had the parties been diligent, written discovery would have been served and answered in the spring and summer, depositions would have been taken earlier this

ORDER REGARDING PENDING
DISCOVERY MOTIONS - 2

fall, any discovery disputes would have been the subject of meaningful discussion and motions practice, and dispositive motions would have been based on a full and complete record and ready for the Court's consideration by the end of November. As it is, every one of the pending motions was untimely filed (none was noted on the Court's calendar by the Friday before the original or the extended discovery cutoff dates) and the parties are woefully unprepared to proceed to the merits of the case, mired as they are in discovery disputes.

This matter will be reset for trial on June 3, 2019. While delay and its attendant costs are not desirable, they are preferable to going to trial on insufficient claims or defenses with parties who are unprepared to present their cases to the jury. The parties will have approximately two months in which to pursue and complete discovery. Both sides are hereby directed to respond to all outstanding written discovery within twenty days of the date of this Order. The parties shall, within seven days of the date of this Order, meet and confer in order to find a mutually acceptable date for plaintiff's deposition, which must occur within thirty days of the date of this Order. If any additional discovery is anticipated, the requests must be served far enough ahead of the discovery cutoff date that responses will be due during the discovery period. Any discovery-related disputes shall be the subject of meaningful, substantive discussions between the parties in an effort to resolve the dispute without Court intervention. Any discovery issues that cannot be resolved between the parties may be brought to the Court via motion noted on the Court's calendar for consideration no later than Friday, January 25, 2019. Absent a showing of good cause (which, in the context of a case management deadline, requires a showing that the requesting party has been diligent in its efforts to comply with the deadline), no further extension of the discovery period will be granted.

ORDER REGARDING PENDING
DISCOVERY MOTIONS - 3

The parties' various requests for sanctions are denied.

Dated this 28th day of November, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REGARDING PENDING
DISCOVERY MOTIONS - 4