UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INGE T ANDERSON,

        Plaintiff,

    v.

UNITED STATES OF AMERICA, *et al.*,

        Defendants.

NO. C17-0891RSL

ORDER REGARDING
AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS

This matter comes before the Court on "Plaintiff's Motion for Partial Judgment on the Pleadings Regarding Defendant's Affirmative Defenses and Counterclaims." Dkt. # 41. Plaintiff filed this action against her ex-husband alleging breach of an I-864 immigration contract and various tort claims. Defendant asserts twenty-five affirmative defenses[1] and six counterclaims. Dkt. # 34. Plaintiff seeks dismissal of the defenses and counterclaims on the ground that they fail on the merits.

As a preliminary matter, the Court notes that, although plaintiff filed her motion under Fed. R. Civ. P. 12(c), she is not challenging the adequacy of the allegations but rather the validity of the claims as a matter of law. Summary judgment regarding the viability of a defense

---

[1] There are no fourteenth, fifteenth, or sixteenth affirmative defenses set forth in the answer. Dkt. # 34 at 24.

ORDER - 1

or counterclaim is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and identifying those portions of "the pleadings, the discovery and disclosure materials on file, and any affidavits" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient," and factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).

In response to plaintiff's motion for dispositive relief, defendant offers his own declaration (Dkt. # 52) and a brief memorandum raising various procedural arguments (Dkt. # 53). Although defendant failed to substantively address the legal viability of any of his affirmative defenses or counterclaims, his declaration, when viewed in the light most favorable to him, provides a factual basis for some of the asserted defenses and claims

ORDER - 2

## A. Affirmative Defenses

**First Affirmative Defense: Res Judicata/Claim Preclusion/Issue Preclusion**

There is no indication that plaintiff's I-864 claim was litigated or resolved in the state court divorce proceedings. Defendant has not, therefore, shown a factual or legal basis for his res judicata or preclusion defense. See In re Marriage of Khan, 182 Wn. App. 795, 803-04 (2014).

**Second Affirmative Defense: Impossibility/Frustration**

Defendant's theory of the case is that plaintiff negotiated in bad faith and intentionally breached the parties' circa 2015 agreements regarding how they would dissolve their marriage and ultimately release defendant from the financial obligations imposed by the I-864. According to defendant, the parties agreed that defendant would provide assistance to plaintiff in obtaining her United States citizenship, at which point he would no longer be bound by the I-864 and the parties would obtain a divorce, each to go their separate ways. Instead, and with the purpose of frustrating that agreement, plaintiff precipitously filed for divorce, destroying her eligibility for citizenship and forcing defendant to financially support her in perpetuity.

This theory is not a defense against plaintiff's claim for benefits under the I-864, but rather a counterclaim for relief for injuries arising out of plaintiff's breach of a subsequent contract or duty. Properly characterized, this claim will be permitted to proceed.

**Third Affirmative Defense: Statute of Limitations**

Plaintiff alleges that defendant's intentional conduct in July 2017 caused her emotional distress. A three year limitations period applies to this claim, and there is no evidence to support the assertion that the claim is time-barred.

**Fourth, Sixth, and Seventh Affirmative Defenses: Sufficiency of the Evidence**

Under the guise of various affirmative defenses, defendant asserts that plaintiff is unable

ORDER - 3

to satisfy one or more elements of her claims. A proper affirmative defense assumes that plaintiff can prevail on all elements of the claim asserted, but nevertheless provides a defense to liability on which the defendant has the burden of proof. To the extent defendant's affirmative defenses are merely rebuttal against the evidence presented by plaintiff in support of her claims, they are not proper affirmative defenses and will be stricken. Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002).

**Fifth, Eighth, and Twenty-fifth Affirmative Defenses: Fraud and Misrepresentation**

The parties disagree as to whether plaintiff misrepresented facts or otherwise defrauded defendant into signing the I-864 contract and obligating himself to provide financial support in perpetuity. Defendant alleges that plaintiff misstated her interest in partnering with him and instead simply sought to gain admittance to the United States with a guaranteed source of income. A disputed issue of fact is not enough to save these defenses, however, because they are not legally viable. Defendant entered into a binding agreement with the United States for the benefit of plaintiff, a sponsored immigrant. Allegations of pre-contract impropriety on plaintiff's part do not make defendant's promises to the United States void or voidable. See Dorsaneo v. Dorsaneo, 261 F. Supp.3d 1052, 1054 (N.D. Cal. 2017) ("Permitting a sponsor to evade his support obligation by asserting a defense of fraud in the inducement is inconsistent with the purpose of the I-864 requirement, because it would place lawful permanent residents at risk of becoming dependent on the government for subsistence.").

**Ninth Affirmative Defense: Lack of Consideration**

Defendant acknowledged that he signed the I-864 so as not to thwart plaintiff's ability to obtain a visa and immigrate to the United States. Dkt. # 52 at 2. The fact that the bargain did not work out as he had hoped does not mean that there was no consideration for his promise of on-

ORDER - 4

going financial support.

**Tenth Affirmative Defense: Equitable Estoppel**

Defendant alleges that plaintiff made statements and acted in such a way that he believed she intended to partner with him through life, that he reasonably relied on those acts and statements, and that he was injured once he discovered that she simply wanted admittance to the United States and a guaranteed source of income. This defense fails for the same reason as the fraud in the inducement and misrepresentation defenses fail.

**Eleventh and Twenty-Sixth Affirmative Defenses: Unconscionability**

Defendant argues that the I-864 is substantively unconsionable because it is one-sided and overly harsh. Defendant wanted the benefits of the agreement, namely plaintiff's admission to the United States, and had a choice as to whether to make the financial support guarantees the government demanded in exchange. Whatever one thinks of the policy choices behind the I-864, it is not substantively or procedurally unconscionable in the circumstances presented here.

**Twelfth Affirmative Defense: Violation of Public Policy**

Defendant has failed to identify any public policy that forbids the sort of financial guarantees at issue here.

**Thirteenth Affirmative Defense: Anticipatory Breach**

There is no allegation to support a claim that plaintiff repudiated her part of the bilateral contract of marriage prior to the time of performance.

**Seventeenth Affirmative Defense: Setoff or Credit**

Defendant asserts that he is entitled to $10,000 from the divorce settlement and seeks to offset any amounts due plaintiff in this action. Neither the existence of the divorce settlement nor any confidentiality provision contained therein precludes a claim for a setoff.

ORDER - 5

**Eighteenth Affirmative Defense: Lack of Legislative Intent/Standing**

Defendant asserts that plaintiff lacks standing to enforce a contract between defendant and the United States. The I-864 makes clear, however, that the beneficiary of the contract may sue to enforce its obligations.

**Nineteenth Affirmative Defense: Exceptional Circumstances**

Defendant offers no facts in support or explanation of this affirmative defense.

**Twentieth Affirmative Defense: Unjust Enrichment**

Defendant alleges that plaintiff was unjustly enriched by his assistance in support of her citizenship application and/or by payments made in the divorce proceeding. This defense does not seek to avoid or terminate the obligations set forth in the I-864, but rather to recover for benefits provided after the I-864 was signed and which it would be unjust to allow plaintiff to keep without payment. Properly characterized as a counterclaim, this argument may proceed.

**Twenty-first and Twenty-third Affirmative Defenses: Vagueness and Lack of Specificity**

Defendant argues that the I-864 failed to "clearly spell out the bottom line in terms of what money he might have to pay" if the marriage did not work out. To the contrary, the form specified that financial support would have to be provided if plaintiff fell below a certain percentage of the poverty line and that the obligation continues unless and until certain, specified events occurred. Defendant has failed to identify a provision of the I-864 that is subjectively or objectively vague or lacks enough specificity to be enforced.

**Twenty-second Affirmative Defense: Relief**

Defendant argues that there was an accord and satisfaction and/or waiver of any outstanding obligation under the I-864 when the parties negotiated the 2015 marital agreement

ORDER - 6

and subsequent divorce settlement. The marital agreement states that each party "waives and forgives any claim or cause of action which each may presently have against the other by any reason . . . ." Dkt. # 52-2 at 28. Nevertheless, this defense is not legally viable.

Pursuant to the form I-864, defendant assured the United States that it could take his income into consideration when determining whether to admit plaintiff to the United States. Defendant agreed to provide plaintiff with any support necessary to maintain her income at or near the federal poverty line so that she would not become a public charge. The contract specified that the obligation to support plaintiff continued until (1) she becomes a US citizen, (2) she works for approximately ten years, (3) she is no longer a lawful permanent resident and departs the United States, (4) she obtains a new grant of adjustment of status based on a new affidavit of support, (5) she dies, or (6) the sponsor dies. Neither a negotiated settlement nor waiver are included in the list of events which terminate the support obligation. While the governing regulations permit a sponsor or sponsored immigrant to withdraw an affidavit of support (8 C.F.R. § 213a.2(f)), there is no indication that either party did so in writing or within the time allowed.

**Twenty-fourth Affirmative Defense: Judicial Estoppel**

Defendant makes a bare accusation of inconsistent representations to two different courts. Absent some facts in support of this allegation, the defense must be dismissed.

**Twenty-seventh Affirmative Defense: Tortious Interference**

"An action for tortious interference with a contractual relationship lies only against a third party. A party to the contract cannot be liable in tort for inducing its own breach." Olympic Fish Prod., Inc. v. Lloyd, 93 Wash. 2d 596, 598 (1980). This affirmative defense fails as a matter of law.

ORDER - 7

**Twenty-eighth Affirmative Defense: Failure to Mitigate**

Defendant asserts that he is entitled to reduce any liability he may have to plaintiff under the I-864 contract to the extent plaintiff failed to mitigate her damages by refusing to look for or maintain employment. The circumstances in which a sponsor is relieved of the I-864 support obligations are clearly specified and do not include an immigrant's willful failure to seek or maintain employment. This defense fails as a matter of law. See Li Liu v. Kell, 299 F. Supp.3d 1128, 1133 (W.D. Wash. 2017).

## A. Counterclaims

**First and Fourth Counterclaims: Misrepresentation and Fraud**

To the extent defendant is asserting that plaintiff misrepresented facts or otherwise defrauded him into signing the I-864 contract and obligating himself to provide financial support in perpetuity, the claims do not defeat the promises he made to the United States regarding the support available to plaintiff.

**Second Counterclaim: Vexatious Litigation**

Defendant seeks a bar order precluding plaintiff from filing any additional claims based on the I-864 support obligation in light of her negotiated waiver of all such claims. Because any such waiver is ineffective, it does not bar litigation to enforce the support obligation.

**Third Counterclaim: Defamation Per Se**

Defendant alleges that plaintiff has defamed him by making unfounded allegations of domestic violence in this action. Defamatory communications made by a party or counsel in the course of a judicial proceeding are generally entitled to absolute privilege because the administration of justice requires such immunity to reach the truth. See Kauzlarich v. Yarbrough, 105 Wn. App. 632, 641 (2001). Because defendant has identified only statements that plaintiff

ORDER - 8

was privileged to make, this counterclaim fails as a matter of law.

**Fifth Counterclaim: Tortious Interference**

This counterclaim fails for the same reason as the affirmative defense of the same name. See Olympic Fish Prod., Inc. v. Lloyd, 93 Wash. 2d 596, 598 (1980).

**Sixth Counterclaim: Declaratory Judgment**

If defendant succeeds on any of his claims or defenses, he may be entitled to a declaration of his rights vis a vis plaintiff. This counterclaim may proceed.

For all of the foregoing reasons, all of defendant's affirmative defenses and counterclaims are hereby DISMISSED with the exception of his recharacterized breach of contract/breach of duty of good faith and fair dealing claim, his setoff defense, his recharacterized unjust enrichment claim, and his declaratory judgment claim.

Although certain defenses and counterclaims have been dismissed, this action continues. In this context, leave to amend will not be blindly granted. If defendant believes he can, consistent with his Rule 11 obligations, amend the affirmative defenses and/or counterclaims to remedy the deficiencies identified above, he may file a motion to amend and attach a proposed pleading for the Court's consideration. Because the deadline for amending pleadings has passed, defendant must also justify the late amendment under Rule 16.

Dated this 25th day of February, 2019.

Robert S. Lasnik
United States District Judge

ORDER - 9