UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INGE T. ANDERSON,

    Plaintiff,

v.

SCOTT ALAN ANDERSON,

    Defendant.

NO. C17-0891RSL

ORDER REGARDING MOTIONS TO QUASH SUBPOENAS

This matter comes before the Court on defendant's "Motion to Quash Subpoena for Wells Fargo Bank" (Dkt. # 74) and "Motion to Quash Subpoena for Scott Alan Anderson" (Dkt. # 75). Plaintiff seeks discovery of defendant's bank account and earnings statements from 2011 to the present, any applications he made for family separation pay, and all evidence of payments for attorney's fees or retainers. Defendant opposed the discovery. Plaintiff's untimely response memorandum has been considered in ruling on the motions.

The motions to quash are GRANTED in part. As a general matter, defendant's income and wealth are irrelevant to plaintiff's claim for support under a form I-864 contract. If plaintiff is entitled to support under the contract, the amount will be calculated as a percentage of the poverty level, not of the sponsor's income or assets. The fact that plaintiff has repeatedly asserted an interest in defendant's finances and expenditures does not make that information

ORDER REGARDING MOTIONS
TO QUASH SUBPOENAS - 1

relevant to any claim or defense asserted in this litigation. Nor has plaintiff made any effort to explain how benefits applications or attorney's fee payments are relevant.

Defendant has, however, asserted affirmative defenses and counterclaims that put at issue payments he made to plaintiff from the time of their separation to the present. If defendant intends to argue that the calculation of the support he owes plaintiff under the I-864 contract must be reduced by amounts he has already transferred to plaintiff, he shall, within fourteen days of the date of this Order, produce any responsive bank account statements that reflect such transfers. If defendant abandons the affirmative defenses and counterclaims that put the payments at issue, no further production is necessary.

For all of the foregoing reasons, the motion to quash the subpoena served on Wells Fargo (Dkt. # 74) is GRANTED. Defendant's second motion to quash (Dkt. # 75) is GRANTED in part.

Dated this 14th day of March, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REGARDING MOTIONS
TO QUASH SUBPOENAS - 2