UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INGE T. ANDERSON,

    Plaintiff,

v.

SCOTT ALAN ANDERSON,

    Defendant.

NO. C17-0891RSL

ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO COMPEL

This matter comes before the Court on "Plaintiff's LCR 16(b)(2) Motion to Compel Discovery and Request to Have Rule 36(a)(3) RFA Deemed Admitted, and Rule 37(b)(2) Sanctions." Dkt. # 65. On November 28, 2018, the Court found that the parties had not been "diligent in pursuing discovery in this case, resulting in a last-minute rush to serve and respond to discovery requests that would be due only after the discovery period had closed and precluding the timely consideration of discovery-related motions." Dkt. # 63 at 2. The Court further found that "the parties [were] woefully unprepared to proceed to the merits of the case, mired as they are in discovery disputes," and continued the discovery deadline. Dkt. # 63 at 3. The parties were ordered to respond to all outstanding discovery requests by December 18, 2018, to engage in meaningful and substantive discussions in an effort to resolve any dispute regarding the adequacy of the production, and to file any discovery-related motions by January 10, 2019. Id.

ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO COMPEL - 1

Defendant responded to plaintiff's interrogatories and requests for production on September 19, 2018 (Dkt. # 48-5 at 10-28), November 6, 2018 (Dkt. # 48-4 at 36-41 and Dkt. # 48-8), and December 18, 2018. Neither party has provided a copy of the December 18th responses, but plaintiff found them to be insufficient and provided a three-page list of deficiencies.[1] The parties met and conferred on December 19th. Plaintiff filed this motion the next day. Defendant provided supplemental responses on December 28, 2018 (Dkt. # 69-1 at 1-20) and January 2, 2019 (Dkt. # 69-1 at 21-40). Defendant has not responded to either of plaintiff's sets of requests for admissions except to state "SEE ATTACHED" as to each request, with no attachment and no signature.

The parties have different accounts of the meet and confer held on December 19th. According to plaintiff and a witness who apparently listened to the teleconference, plaintiff provided a list of deficiencies before the conference and confirmed that, although defendant would send hard copies of the production to plaintiff later that week, no new information or documents would be forthcoming. Defendant asserts that plaintiff agreed to provide a written list of the perceived deficiencies during the conference and that defendant promised to supplement in a timely manner after he had reviewed the list. It is impossible to tell from the current record whether plaintiff's filing of this motion one day after the meet and confer was justified or precipitously ended the parties' efforts to resolve this dispute without Court intervention. The Court therefore turns to the substance of the discovery dispute to determine whether further

---

[1] Plaintiff also included a list of formatting and other non-substantive demands apparently linked to the instructions she provided with her discovery requests. Defendant's obligations when responding to discovery requests are set forth in the Federal Rules of Civil Procedure and this district's local rules: plaintiff does not get to impose additional notarization, technical, or formatting requirements by fiat.

ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO COMPEL - 2

supplementation is needed.

Plaintiff filed an amended complaint on August 7, 2018, asserting claims of breach of the I-864 affidavit of support, breach of a fiduciary obligation to provide financial support during marriage, intentional infliction of emotional distress, and domestic violence/battered woman syndrome.[2] She seeks specific performance of the I-864 obligations, injunctive relief, and an award of damages. Much of the information and documents sought by plaintiff in her December 19th letter has been provided, is not relevant to any of the remaining claims or defenses asserted in this litigation,[3] is not proportional to the needs of the case, and/or cannot provide further avenues of inquiry now that discovery is closed. Having reviewed plaintiff's descriptions of the perceived deficiencies and defendant's various responses, the Court finds that defendant must supplement his responses to:

> Interrogatory No. 6: defendant's use of dating websites to contact plaintiff following their separation is relevant to her intentional infliction of emotional distress claim
>
> Request for Production No. 1(e): messages sent from defendant's dating websites to plaintiff following their separation are relevant to her intentional infliction of emotional distress claim

With regards to plaintiff's requests for admission, the current record shows that defendant failed to admit or deny the requests by the deadline established by the Court and did not

---

[2] The Court is unaware of a separate civil cause of action entitled "domestic violence" or "battered woman syndrome:" the allegations related to this claim are, however, relevant to plaintiff's intentional infliction of emotional distress claim.

[3] Many of defendant's affirmative defenses and counterclaims were dismissed on February 25, 2019. Dkt. # 81.

ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO COMPEL - 3

supplement his responses following the meet and confer. Pursuant to Fed. R. Civ. P. 36(b), the statements are therefore deemed admitted and will be conclusively established for purposes of trial unless (a) defendant files a motion to withdraw or amend a specific admission and (b) the Court finds that the withdrawal or amendment would promote the presentation of the merits of the action without prejudicing plaintiff. Any such motion to withdraw or amend one or more admissions shall be filed on or before April 18, 2019.

For all of the foregoing reasons, plaintiff's motion to compel (Dkt. # 65) is GRANTED in part. The Court declines to award expenses to either party.

Dated this 25th day of March, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO COMPEL - 4