UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INGE T. ANDERSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT ALAN ANDERSON,<br><br>　　　　　Defendant. | NO. C17-0891RSL<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS |

This matter comes before the Court on "Plaintiff's Motion for Discovery Sanctions." Dkt. # 83. Plaintiff "requests sanctions be imposed against Defendant and his counsel for their failure to disclose fundamental discovery in this matter as part of a continuing pattern of discovery abuse, ignoring Court Orders and Court Rule violations, which has caused substantial prejudice to Plaintiff in her preparations to go to trial on the merits of the case." Dkt. # 83 at 1. Other than the fact that defendant failed to participate in a Rule 26(f) conference in October 2017, plaintiff provides very few specifics regarding the alleged discovery violations or in support of her allegations of contempt.

At the time this motion was filed, there were four discovery-related motions pending, including plaintiff's second motion to compel. Those motions have now been resolved. The Court found that much of the information and documents sought by plaintiff had already been provided, is not relevant to any of the remaining claims or defenses asserted in this litigation, is

ORDER DENYING PLAINTIFF'S MOTION
FOR DISCOVERY SANCTIONS - 1

not proportional to the needs of the case, and/or cannot provide further avenues of inquiry now that discovery is closed. Dkt. # 89 at 3. The fact that defendant resisted discovery that was, for the most part, improper is not sanctionable. With regards to defendant's motions to quash subpoenas, they were granted in large part with the caveat that if he intended to argue that the calculation of the support he owes plaintiff under the I-894 contract should be reduced by the amounts he has already transferred to plaintiff, he must produce responsive bank records reflecting such transfers by March 28, 2019. Dkt. # 88 at 2. If further discovery violations have occurred, they are not apparent from plaintiff's motion for sanctions.

Plaintiff has failed to explain why she waited more than a year and a half to seek sanctions for defendant's lack of participation in the Rule 26(f) conference[1] or why she filed this discovery-related motion long after the deadline set by the Court. Dkt. # 63 at 3. Her avowed concerns regarding the Court's expenditures of time and resources is contradicted by the filing of this largely duplicative request for sanctions while four discovery motions were pending. Finally, plaintiff has not justified her request for the imposition of the extreme sanction of dismissal as punishment for failing to participate in the Rule 26(f) conference and/or other unspecified discovery abuses. As plaintiff acknowledges, the exclusion of evidence not produced during discovery is an appropriate and measured response to a failure to produce if that failure is unjustified or results in prejudice to plaintiff.

//

---

[1] The United States, which was a defendant at the time the status report was filed, also did not participate in the Rule 26(f) conference.

ORDER DENYING PLAINTIFF'S MOTION
FOR DISCOVERY SANCTIONS - 2

For all of the foregoing reasons, plaintiff's motion for discovery sanctions (Dkt. # 83) is DENIED.

Dated this 8th day of April, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION
FOR DISCOVERY SANCTIONS - 3