UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INGE T ANDERSON,

        Plaintiff,

    v.

UNITED STATES OF AMERICA, *et al.*,

        Defendants.

NO. C17-0891RSL

ORDER GRANTING IN PART
DEFENDANT'S MOTION FOR
LEAVE TO AMEND

    This matter comes before the Court on "Defendant's Motion for Leave to Amend Answer and Counterclaim." Dkt. # 86. Plaintiff is suing her former husband to recover amounts owing under an I-864 affidavit of support and for damages arising out of an alleged failure to provide financial support during marriage and the intentional infliction of emotional distress.[1] Defendant answered the amended complaint on October 2, 2018, but most of his affirmative defenses and counterclaims were dismissed at plaintiff's request. Two of his affirmative defenses – unjust enrichment and breach of contract/breach of the duty of good faith and fair dealing – were recharacterized as counterclaims and allowed to proceed, along with his request for declaratory

---

[1] Plaintiff has also alleged claims of "domestic violence" and "battered woman syndrome," but they do not appear to be viable claims under Washington law. The allegations related to these claims are, however, relevant to plaintiff's intentional infliction of emotional distress claim.

ORDER GRANTING IN PART
DEFENDANT'S MOTION FOR
LEAVE TO AMEND - 1

judgment. The only affirmative defense to survive was one for setoff. Defendant now seeks leave to amend his answer. Plaintiff opposes the motion on procedural and substantive grounds.

**A. Procedural Deficiencies**

Plaintiff correctly points out that defendant's motion is overlength and that the proposed pleading does not indicate where alterations have been made. The Court will not consider the last three pages of defendant's motion but has considered the proposed pleading.

To the extent plaintiff is seeking sanctions under Rule 11, the motion is procedurally improper. See Fed. R. Civ. P. 11(c)(2). Contrary to plaintiff's argument (Dkt. # 91 at 3), her motion for default judgment, which was filed two weeks before defendant filed the offending document, cannot possibly satisfy the notice and safe harbor provisions of Rule 11.

**B. Amendment Standards**

Pursuant to Fed. R. Civ. P. 16(b)(4), case management deadlines established by the Court "may be modified only for good cause and with the judge's consent." Rule 16 was amended in 1983 to require scheduling orders that govern pre-trial as well as trial procedure. The purpose of the change was to improve the efficiency of federal litigation: leaving the parties to their own devices until shortly before trial was apparently costly and resulted in undue delay. Under the new rule, once a case management schedule issues, changes will be made only if the movant shows "good cause."

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met with the diligence of the party seeking the extension."
> Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) . . . .

ORDER GRANTING IN PART
DEFENDANT'S MOTION FOR
LEAVE TO AMEND - 2

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). See also Zivkovic v. S. Cal. Edison Co., 302 F3d 1080, 1087-88 (9th Cir. 2002) (where plaintiff failed to "demonstrate diligence in complying with the dates set by the district court," good cause was not shown).

The case management deadline related to amendment of the pleadings is set relatively early in the case to ensure that the parties have time to serve discovery regarding all of the claims and defenses at issue. In this case, however, plaintiff lodged an amended complaint just before the amendment deadline, and there was a delay before the proposed amendment was accepted by the Court. Defendant timely filed his response and, when the Court found many of his affirmative defenses and counterclaims deficient, promptly filed this motion to amend. To the extent the amendments are aimed at remedying the deficiencies identified by the Court, defendant was diligent once the need for amendment became apparent. One proposed amendment is not a response to the Court's order, however, but rather an attempt to introduce entirely new theories or claims into the case. Discovery has now closed, and defendant has not explained why these theories or claims were not brought forward in the twenty-two months that this action has been pending.

Satisfying Rule 16's good cause requirement is only the first hurdle defendant faces. Under Rule 15, there is a "strong policy in favor of allowing amendment" (Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994)), but "[c]ourts may decline to grant leave to amend . . . if there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc." Sonoma

ORDER GRANTING IN PART
DEFENDANT'S MOTION FOR
LEAVE TO AMEND - 3

County Ass'n of Retired Employees v. Sonoma County, 708 F.3d 1109, 1117 (9th Cir. 2013) (internal quotation marks and alterations omitted). Thus, despite there being good cause for extending the deadline for amending the pleadings, amendment will still be denied if it is the product of bad faith, would be futile, or would prejudice plaintiff.

**C. First Affirmative Defense: Res Judicata/Claim Preclusion/Issue Preclusion**

In defendant's response to plaintiff's motion to dismiss (Dkt. # 53 at 8), he argued that res judicata was a defense to plaintiff's breach of contract claim. In that context, the Court found that, despite the fact that plaintiff alleged a breach of the I-864 affidavit and requested enforcement of those obligations in her divorce petition, there was no indication that the claim was actually litigated or resolved in the state proceedings. The Court therefore concluded that the res judicata defense failed as a matter of law.

The Court sees no reason to reconsider that conclusion. "To determine whether the doctrine bars a suit, the Court looks to the res judicata rules of the state from which the original judgment arises." Li Liu v. Kell, 299 F. Supp.3d 1128, 1132 (W.D. Wash. 2017). In the Commonwealth of Virginia, the claim preclusion prong of res judicata bars successive litigation of a claim on which final judgment has been entered, even if new facts or issues could be brought to bear. The issue preclusion prong bars successive litigation of issues of fact or law that were resolved in the earlier action and were essential to the judgment entered, even if the issue subsequently arises in the context of an entirely new claim. Lee v. Spoden, 776 S.E.2d 798, 803 (Va. 2015). No judgment was entered on plaintiff's I-864 breach of contract claim, there is no evidence that the state court ever mentions or considers that claim, the Marital Agreement that was incorporated into the state court judgment does not mention the I-864 affidavit, and

ORDER GRANTING IN PART
DEFENDANT'S MOTION FOR
LEAVE TO AMEND - 4

defendant identifies no issues related to that claim that were necessarily decided in order to enter the final order of divorce. Neither claim preclusion nor issue preclusion was triggered under Virginia law.

"[U]nder federal law, neither a divorce judgment nor a premarital agreement may terminate an obligation of support" that "exists apart from whatever rights [a sponsored immigrant] might or might not have under [state] divorce law." Erler v. Erler, 824 F.3d 1173, 1177 (9th Cir. 2016) (quoting Liu v. Mund, 686 F.3d 418, 419-20 (7th Cir. 2012). Had the Virginia court evaluated the merits of plaintiff's I-864 claim and entered judgment regarding defendant's obligations thereunder, res judicata would likely bar relitigation of those issues. But where, as here, the state court limited itself to applying state divorce law - even with the incorporation of an agreement which may or may not contain a waiver of the I-864 claim[2] - neither the divorce nor the waiver abrogate the support obligations defendant undertook for the benefit of the public.

In his motion to amend, defendant makes clear that his res judicata defense applies not

---

[2] The Court previously dismissed defendant's accord and satisfaction and/or waiver defenses because, pursuant to the form I-864, defendant assured the United States that he would

> provide plaintiff with any support necessary to maintain her income at or near the federal poverty line so that she would not become a public charge. The contract specified that the obligation to support plaintiff continued until (1) she becomes a US citizen, (2) she works for approximately ten years, (3) she is no longer a lawful permanent resident and departs the United States, (4) she obtains a new grant of adjustment of status based on a new affidavit of support, (5) she dies, or (6) the sponsor dies. Neither a negotiated settlement nor waiver are included in the list of events which terminate the support obligation.

Dkt. # 81 at 7

ORDER GRANTING IN PART
DEFENDANT'S MOTION FOR
LEAVE TO AMEND - 5

only to the I-864 claim, but also to the tort claims asserted by plaintiff. Plaintiff's complaint for divorce and request for support were based upon the same abuse and failure to support allegations she has asserted in support of her tort claims in this litigation. There is a plausible inference that, in dissolving the marriage, determining how to allocate the assets and liabilities associated with the marital community, and resolving the support, alimony, and maintenance issues under state law, the previous court considered the very same factual allegations that are offered in support of plaintiff's tort claims. As amended, defendant's res judicata defense is plausible as to the state law claims.

The Court further finds that plaintiff will not be prejudiced by the amendment because the original defense allegations encompassed both the I-864 claim and the tort claims. Leave to amend the first affirmative defense to assert that plaintiff's state law claims are barred by the doctrine of res judicata is therefore GRANTED.

**D. Counterclaims**

    **Contract-Specific Performance**

Defendant seeks to add a counterclaim for specific enforcement of a hold harmless and indemnity provision negotiated between the parties in the fall of 2015. This provision was not raised in the previous answer, nor was it argued in response to plaintiff's motion to dismiss. Defendant has not explained why he waited so long to identify this provision and assert a claim thereon: he has not shown good cause for this amendment under Rule 16.[3]

---

[3] In the alternative, the Court finds that the proposed amendment to enforce the hold harmless and indemnity provision would be immediately subject to dismissal and is therefore futile. Nordyke v. King, 644 F.3d 776, 787 n.12 (9th Cir. 2011). The provision was part of a larger agreement regarding the allocation of marital assets and liabilities, in which each party was assigned assets and agreed to be

ORDER GRANTING IN PART
DEFENDANT'S MOTION FOR
LEAVE TO AMEND - 6

**Breach of Duties of Good Faith and Fair Dealing**

Defendant seeks to recharacterize his theory that plaintiff negotiated in bad faith and frustrated the parties' contractual agreement from an affirmative defense to a counterclaim. While the amendment is not necessary given the Court's prior order (Dkt. # 81 at 3), it is consistent with that order and will be accepted.

**Setoff**

The proposed amendment clarifies that setoff is asserted as a counterclaim, rather than an affirmative defense. The defense was previously allowed to proceed. The proposed amendment will be accepted.

**Unjust Enrichment**

Defendant seeks to recharacterize his theory that plaintiff was unfairly benefitted by the assistance defendant provided and payments he made during their separation and divorce from an affirmative defense to a counterclaim. While the amendment is not necessary given the Court's prior order (Dkt. # 81 at 6), it is consistent with that order and will be accepted.

---

solely responsible for any liabilities related to those assets. In paragraph 1.e. of the agreement, the parties both represent that they know of no other "debts, contracts, obligations or liabilities . . . for which the other may be liable" and promise that, if such a debt, contract, obligation or liability should subsequently be discovered, "the party who incurred said debt, contract, obligation or liability shall be solely responsible" for it and shall indemnify the other. Dkt. # 52-2 at 15. If, as defendant now argues, this provision were intended to apply to the I-864 obligation, the parties' mutual representations were false: both parties knew about the I-864 affidavit and both parties had to be aware that it was not specifically allocated in the Marital Agreement. By its terms, the provision does not apply to the I-864 affidavit, however, because it is not a contract for which plaintiff could be liable: the obligations run solely from defendant to plaintiff. Further, if the provision has any applicability, it states that "the party who incurred said . . . contract" - namely defendant - is solely responsible for its performance. The proposed specific performance claim fails as a matter of law.

ORDER GRANTING IN PART
DEFENDANT'S MOTION FOR
LEAVE TO AMEND  - 7

**Declaratory Judgment**

Defendant restates his declaratory judgment counterclaim.

For all of the foregoing reasons, defendant's motion for leave to amend is GRANTED in part. The Amended Answer and Counterclaims docketed at Dkt. # 86-2 is hereby accepted, with the following caveats and exceptions:

(1) the affirmative defense of Res Judicata/Claim Preclusion/Issue Preclusion is and remains DISMISSED as to plaintiff's claims arising out of the I-864 application; and

(2) the Contract-Specific Performance counterclaim is STRICKEN and may not be pursued in this litigation.

Dated this 17th day of April, 2019.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART
DEFENDANT'S MOTION FOR
LEAVE TO AMEND - 8