UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INGE T. ANDERSON,<br><br>          Plaintiff,<br><br>    v.<br><br>SCOTT ALAN ANDERSON,<br><br>          Defendant. | NO. C17-0891RSL<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO AMEND OR WITHDRAW RESPONSES |

      This matter comes before the Court on "Defendant's Motion for Leave to Amend or Withdraw Responses to Plaintiff's First and Second Sets of Requests for Admission." Dkt. # 96. This particular discovery dispute is emblematic of the problems that have repeatedly arisen in this litigation. One party engages in sharp practices (whether intentional or unintentional is unclear) and seems to be intent on out-lawyering the lawyer. The other party has consistently failed to give this matter the attention it deserves. The combination has resulted in wasted time and effort for both the parties and the Court. This dispute is no different.

      At the end of 2018, plaintiff served two sets of requests for admissions on defendant. In December 2018, plaintiff filed a discovery motion asserting that defendant had failed to respond to any of the requests for admission except with the notation "SEE ATTACHED." No attachments were provided. Dkt. # 65. After reviewing the record, the Court issued an order deeming the requests admitted pursuant to Rule 36(a)(3) and setting a deadline by which

ORDER - 1

defendant could file a motion for leave to withdraw or amend under Rule 36(b). Dkt. # 89. Defendant timely filed such a motion and revealed for the first time that he had, in fact, provided substantive responses to the second set of requests for admissions. Dkt. # 97-1. He simply failed to mention these responses in opposition to plaintiff's motion to compel. This failure is inexplicable. Plaintiff, for her part, attacks a certificate of service submitted by defendant in the context of this motion for leave to amend his answers, but does not dispute that defendant responded to the second set of requests. Dkt. # 99 at 4.

It appears that the factual finding underlying the Court's determination that requests for admission 26-70[1] were deemed admitted was in error. While both parties are to blame (plaintiff for falsely asserting that "no Requests for Admission have been answered" (Dkt. # 65 at 3) and defendant for failing to contest that statement), the requests cannot properly be deemed admitted. That part of the Court's March 25, 2019, order (Dkt. # 89) is hereby vacated.

The next question is whether defendant should be permitted to withdraw his admissions to the first 25 requests and/or to amend his answers to the second set of requests. Rule 36(b) provides in relevant part:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

"The first half of the test in Rule 36(b) is satisfied when upholding the admissions would

---

[1] The requests do not include a No. 44 and there are five separate requests for admissions designated as "No. 63." Dkt. # 97-1 at 6, 11-12.

ORDER - 2

practically eliminate any presentation of the merits of the case." Hadley v. U.S., 45 F.3d 1345, 1348 (9th Cir. 1995). With regards to the second half of the test, "[t]he party relying on the deemed admission has the burden of proving prejudice." Conlon v. U.S., 474 F.3d 616, 622 (9th Cir. 2007). Prejudice, for purposes of Rule 36(b), does not simply mean that the party will have to prove what was previously admitted: rather, it turns on whether the withdrawal or amendment causes some extra difficulty in proving the case at trial, such as the unavailability of evidence or witnesses as a result of the party's reliance on the admissions. Hadley, 45 F.3d at 1348. Refraining from conducting discovery regarding an admitted issue, standing alone, does not constitute prejudice: the non-moving party must show that it cannot overcome the deficit and will, as a result, have difficulty meeting its burden at trial. Conlon, 474 F.3d at 624. If both prongs of the Rule 36(b) test cut in favor of allowing withdrawal or amendment, the Court "may" grant relief. Id. at 625.

Based on the existing record, the Court is unable to determine how the admissions to requests 1-12 impact the presentation of the merits of the case or whether the withdrawal of those admissions would cause prejudice. Requests 1-12 seek admissions related to documents that are not identified in a way that the Court can locate them in the record and that have not been provided with the motion papers. While the admissibility of a particular document is not likely to foreclose presentation of evidence on the merits of a claim or defense, plaintiff has not shown that withdrawal of the admissions will prejudice her ability to pursue her claims at trial. Defendant's request to withdraw and amend his responses to requests for admission 1-9 and 11-12 are granted. Request 10 remains admitted.

With regards to requests 13-25, none of these admissions resolves plaintiff's I-864 claim or her claim for intentional infliction of emotional distress. Thus, the merits of the claims will

ORDER - 3

still be addressed even if the admissions remain in place. Plaintiff has not shown that defendant's proposed amendments would prejudice her ability to present her case at trial, however. As a general matter, defendant is willing to admit that an event or communication occurred, but denies the subjective intent plaintiff ascribes to him or the narrative plaintiff constructs around the event or communication. Plaintiff will have the opportunity to question defendant at trial regarding his intentions when he, for example, used an on-line dating site or called the police. Withdrawal or amendment will simply cause plaintiff to have to prove the previously-admitted fact at trial: it will not cause some extra difficulty that would constitute prejudice. Defendant's request to amend his responses to requests for admission 13-18, 20-22, and 24-25 is therefore granted. Requests 19 and 23 remain admitted.

As discussed above, defendant responded to the second set of requests for admission, and the order deeming them admitted has been vacated. Defendant now seeks to amend many of his responses. He primarily seeks to withdraw objections and denials, delineating between the statements or portions of the statements that can be admitted and those which remain objectionable or denied in full. The result of the amendments will be to admit certain matters that were previously not admitted. Plaintiff offers no reason why the proposed narrowing of the contested issues should be rejected.[2] Defendant's request to amend his responses to requests for admission 26-43, 45-47, 49, 51, 54, 63(first), 63(second), 67, and 70 is therefore granted. The responses to requests 48, 50, 52, 53, 55-62, 63(third), 63(fourth), 63(fifth), 64-66, 68, or 69 are unaltered.

---

[2] Plaintiff's objections to defendant's attempts to insert additional facts into his answers do not justify rejection of the proposed amendments. The narrative additions are not admitted facts, and defendant will be required to prove them at trial if his counterclaims or defenses rely upon them.

ORDER - 4

1 | For all of the foregoing reasons, defendant's motion to withdraw and/or amend his responses to plaintiff's requests for admissions is GRANTED.

Dated this 28th day of May, 2019.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER - 5