UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INGE T. ANDERSON,

    Plaintiff,

v.

SCOTT ALAN ANDERSON,

    Defendant.

NO. C17-0891RSL

ORDER DENYING INJUNCTIVE
RELIEF AND NOTING OTHER ISSUES
ON THE COURT'S CALENDAR

This matter comes before the Court on "Plaintiff's Emergency Motion for Preliminary Injunction and Temporary Restraining Order." Dkt. # 112. The emergency relief plaintiff seeks is an order enjoining the Attorney General of Washington from producing records in response to a request for public records. Plaintiff argues that defendant's request for human resource and payroll records related to plaintiff's employment and/or internship with the Office of the Attorney General (a) is an improper attempt to evade the discovery deadline in this litigation and/or (b) seeks private information for improper purposes.

"The public records portion of the public disclosure act, RCW 42.17.250-348 (hereinafter, the Public Records Act or the Act), requires all state and local agencies to disclose any public record upon request, unless the record falls within certain very specific exemptions." Progressive Animal Welfare Soc'y v. Univ. of Wash., 125 Wn.2d 243, 250 (1994). Because the

ORDER DENYING INJUNCTIVE
RELIEF AND NOTING OTHER ISSUES
ON THE COURT'S CALENDAR - 1

purpose of the Act is "nothing less than the preservation of the most central tenets of representative government, namely, the sovereignty of the people and the accountability to the people of public officials and institutions," its disclosure provisions are liberally construed and its exemptions are narrowly applied. Id. at 251; RCW 42.56.030. The federal rules of discovery, on the other hand, establish the rules of engagement between parties in private litigation in an effort to avoid trials by ambush and the unfairness that generally attends them. The two avenues for obtaining documents serve different purposes and are completely independent of each other: one is not a substitute for the other, nor are they mutually exclusive.[1] As the Washington Supreme Court recognized, there is no litigation-related exemption from the Public Records Act disclosure requirements, and a litigant may seek records under the pretrial rules of discovery without waiving his or her right to seek those records under the Act as well. O'Connor v. Wash. State Dept. of Soc. and Health Servs., 143 Wn.2d 895, 907 (2001). To the extent plaintiff seeks to enjoin the Attorney General's production of records because such production would violate the Federal Rules of Civil Procedure or this Court's case management order, the request is denied.

To the extent plaintiff is seeking to enjoin production under RCW 42.56.540, the Court lacks jurisdiction over the dispute.

The examination of any specific public record may be enjoined if, upon motion

---

[1] That is not to say that defendant can use a public records request to make up for a failure to participate in discovery. If defendant were to offer at trial documents produced by the Attorney General at this late date, plaintiff may object on the ground that they were not timely disclosed under the Federal Rules of Civil Procedure and/or the case management order. Plaintiff should be aware, however, that discovery generally encompasses matters that are relevant to any party's claims or defenses: it does not necessarily demand pretrial production of that which would be used solely for impeachment purposes.

ORDER DENYING INJUNCTIVE
RELIEF AND NOTING OTHER ISSUES
ON THE COURT'S CALENDAR - 2

and affidavit by an agency or its representative or a person who is named in the
record or to whom the record specifically pertains, the superior court for the
county in which the movant resides or in which the record is maintained, finds that
such examination would clearly not be in the public interest and would
substantially and irreparably damage any person, or would substantially and
irreparably damage vital governmental functions. An agency has the option of
notifying persons named in the record or to whom a record specifically pertains,
that release of a record has been requested. However, this option does not exist
where the agency is required by law to provide such notice.

RCW 42.56.540. The statute specifies the state superior courts as the venue in which an interested person may seek judicial intervention to prevent disclosure. Although there may be instances in which an objection to production could be heard in federal court, plaintiff offers no facts or argument that would suggest this particular dispute triggers the Court's diversity jurisdiction or turns on an issue of federal law. Because the litigation pending before the Court has no bearing on the outcome of plaintiff's objections to production, because the Attorney General is not before the Court, and because the Court lacks jurisdiction over this separate dispute between the parties, plaintiff's request for an injunction is denied. If plaintiff intends to seek an injunction against the Attorney General, she must do so in the "superior court for the county in which [she] resides or in which the record is maintained." RCW 42.56.540.

In addition to her request for emergency injunctive relief under the Public Records Act, plaintiff seeks a protective order based on alleged stalking conduct by defendant under RCW 7.92.100(1)(a) and the entry of judgment in her favor as a sanction for defendant's failure to comply with discovery orders and pretrial procedures. These issues are hereby renoted on the Court's calendar for consideration on Friday, June 21, 2019. Defendant shall file his opposition

ORDER DENYING INJUNCTIVE
RELIEF AND NOTING OTHER ISSUES
ON THE COURT'S CALENDAR - 3

to these two requests for relief, if any, no later than noon on Wednesday, June 19, 2019. Plaintiff shall file her reply, if any, no later than midnight on the note date.

Dated this 12th day of June, 2019.

_MrT S Lasnik_
Robert S. Lasnik
United States District Judge

ORDER DENYING INJUNCTIVE
RELIEF AND NOTING OTHER ISSUES
ON THE COURT'S CALENDAR - 4