UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INGE T. ANDERSON,

    Plaintiff,

v.

SCOTT ALAN ANDERSON,

    Defendant.

NO. C17-0891RSL

ORDER LIMITING DEFENDANT'S WITNESSES AND EXHIBITS

This matter comes before the Court on plaintiff's motion in limine and for sanctions (Dkt. # 109) and the reserved portion of plaintiff's emergency motion for injunctive relief (Dkt. # 112). In both motions, plaintiff seeks sanctions in the form of an exclusionary order and/or entry of judgment against defendant for his failure to disclose the exhibits and witnesses he intends to present at trial. According to plaintiff, defendant failed to provide a pretrial statement as required by LCR 16(i) and failed to confer with plaintiff to produce a pretrial order as required by LCR 16(e) and (k). Defendant has not responded to plaintiff's requests for sanctions: he has neither rebutted plaintiff's assertions that he failed to participate in the mandatory pretrial processes nor attempt to justify the alleged failure.[1]

---

[1] Defendant substantively responded to plaintiff's requests for an injunction precluding the Attorney General from responding to defendant's Public Record Act request and for a protective order based on alleged cyberstalking conduct. See Dkt. # 118. The Court previously denied plaintiff's request for injunctive relief against a non-party. As for the request for a stalking protection order under the

ORDER LIMITING DEFENDANTS'
WITNESSES AND EXHIBITS - 1

A review of plaintiff's motions and the remainder of the record leads to the conclusion that the entry of judgment against defendant is too harsh a sanction but that an exclusionary order is essential to the fair resolution of this matter. Having failed to produce a pretrial statement identifying his trial exhibits and witnesses, defendant is hereby precluded from calling any witnesses at trial other than the parties. In addition, the only exhibits defendant may utilize at trial are those listed by plaintiff in her pretrial statement or offered only for impeachment purposes.

Dated this 20th day of June, 2019.

Robert S. Lasnik
United States District Judge

---

Jennifer Paulson Stalking Protection Order Act, RCW 7.92.010 *et seq.*, the request is DENIED. The procedures for filing and supporting a petition for a protection order are set forth in the statute. Relief is not available here because the state courts have original jurisdiction over such matters (RCW 7.92.050), a petition for relief must be filed as a separate, stand-alone civil case (RCW7.92.030(2)), and the allegation that defendant is seeking public records is not cyberstalking conduct for purposes of the Act (RCW 7.92.030)(1) and RCW 9.61.260).

ORDER LIMITING DEFENDANTS'
WITNESSES AND EXHIBITS - 2