UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INGE T. ANDERSON,

    Plaintiff,

v.

SCOTT ALAN ANDERSON,

    Defendant.

NO. C17-0891RSL

ORDER

On November 4, 2019, the Court issued its decision regarding plaintiff's equitable claim for specific performance. Dkt. # 166. A jury had previously considered plaintiff's claim that defendant breached his support obligations under the Form I-864 Affidavit of Support from June 2011 to the time of trial, finding that plaintiff was owed $2,868 for 2016 and $7,286 for 2019.[1] In ruling on the specific performance claim, the Court found that defendant is under a continuing contractual obligation to ensure that plaintiff's income does not drop below the federal poverty guideline, that the annual amount specified in the federal poverty guidelines should be prorated to allow for payments on a monthly basis, and that the exact amount owed during any given month depends on whether plaintiff received any income from other sources during that month.

---

[1] The jury also considered and rejected plaintiff's claim of intentional infliction of emotional distress.

ORDER - 1

In an effort to ensure that plaintiff gets the amounts to which she is entitled and that defendant pays only what is contractually required, the Court ordered plaintiff to provide declarations signed under penalty of perjury stating the amounts and sources of all income she receives so that judgment could be entered for amounts past due and defendant would know how much to pay going forward. Defendant, for his part, was ordered to file a statement indicating the address at which he would like to receive communications from plaintiff.

Neither party has complied with the Court's order. Despite being advised of the language to be included in the required declarations (Dkt. # 166 at 4 n.6) and being cognizant of the need to submit the income information under penalty of perjury (Dkt. # 170 at ¶¶ 55, 67, 76, and 78), plaintiff's November 19, 2019, declaration was notarized rather than subscribed by her as true under penalty of perjury. Defendant failed to file his preferred contact information. On January 2, 2020, plaintiff filed a second declaration regarding her income that was also lacking the necessary language under the Court's order and 28 U.S.C. § 1746. Dkt. # 183.

The Court has declined to enter judgment in this matter based on plaintiff's statements, but judgment is necessary so that this case can proceed on appeal. A review of the record suggests that defendant's prior attempt to pay the amounts the jury found were due was unsuccessful (Dkt. # 170-4), that plaintiff "had a 'paid' gig" following trial that may or may not have generated "a little" income for her (Dkt. # 170 at ¶¶ 50-53), and that plaintiff purports to be confused regarding what constitutes income for purposes of her reporting requirement (Dkt. # 170 at ¶¶ 45, 47, 61-83). As discussed in the jury instructions, income to plaintiff includes not only wages and cash payments she receives from any source, but also property, services, gifts, or educational grants received (unless she paid fair market value for those items). Income also includes constructively-received income, such as payments to third-parties on plaintiff's behalf

ORDER - 2

that plaintiff would otherwise have had to pay directly. Income does not include any loans that plaintiff will have to pay back, such as cash advances on a credit card or student loans. Using this definition, the jury flatly rejected plaintiff's testimony and argument that she had no income from 2011 onward: the jury found that plaintiff had income in every year, and that her income exceeded the federal poverty guidelines in all but two years. Dkt. # 153 at 2. Its verdict was accordingly limited to an award of $2,868 for 2016 and $7,286 for 2019.

Having reviewed plaintiff's declarations, the Court hereby clarifies its definition of "income" to make plaintiff's reporting requirements less onerous. The Court expressly excludes from the definition of "income" (a) products, gifts, or services with a fair market value of less than $25 (such as a free lunch or a "buy nothing" sweater), (b) the value of any income-based discounts plaintiff receives (such as reductions in utility charges or tuition based on a showing of financial need), and (c) payments, property, and/or gifts which plaintiff returned to the sender. Even with these exclusions, plaintiff must resign herself to the reality that the I-864 Affidavit affords her very little in the way of financial security. The contract requires only that defendant provide support if plaintiff's income dips below the federal poverty guideline: it does not, as plaintiff would have it, require that he ensure that she is ineligible for all forms of public assistance.

In order to determine plaintiff's income since the date the jury entered its verdict, the Court requires a statement, under penalty of perjury, that reflects plaintiff's good faith effort to identify her income, as defined above, between July 16, 2019, and the date of the statement. Plaintiff shall complete the form attached at **Exhibit A** and file it with the Court within seven days of the date of this Order. Defendant shall file a statement indicating the address at which he would like to receive communications from plaintiff within seven days of the date of this Order.

ORDER - 3

The other provisions of the Court's November 4, 2019, order remain unchanged except that plaintiff's monthly statements shall be provided to defendant in substantially the form of **Exhibit B**.

Dated this 6th day of January, 2020.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER - 4

**EXHIBIT A**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INGE T. ANDERSON,<br><br>        Plaintiff,<br><br>    v.<br><br>SCOTT ALAN ANDERSON,<br><br>        Defendant. | NO. C17-0891RSL<br><br>DECLARATION OF INGE T. ANDERSON |

Pursuant to the Court's orders in the above-captioned matter dated November 4, 2019, and January 6, 2020, I, Inge T. Anderson, declare as follows:

1. I make this declaration based on my personal knowledge, in good faith, and to the best of my abilities.

2. Between July 16, 2019, and the date of this declaration, I have received the following forms and amounts of income from defendant and/or third parties:

    a. Wages, Salary, Benefits or Other Compensation for Work     $_____

    b. Other Cash Payments or Constructively-Received Payments     $_____

    c. Property, Products, or Services With Fair Market Value Over $25  $_____

    d. Educational Grants or Other Discounts That Are Not Based on
         a Showing of Financial Need     $_____

DECLARATION OF INGE T. ANDERSON - 1

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____.
                 (date)

                                           _____
                                                   (Signature)

DECLARATION OF INGE T. ANDERSON - 2

# EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INGE T. ANDERSON,<br><br>    Plaintiff,<br><br>v.<br><br>SCOTT ALAN ANDERSON,<br><br>    Defendant. | NO. C17-0891RSL<br><br>DECLARATION OF INGE T. ANDERSON |

Pursuant to the Court's orders in the above-captioned matter dated November 4, 2019, and January 6, 2020, I, Inge T. Anderson, declare as follows:

1. I make this declaration based on my personal knowledge, in good faith, and to the best of my abilities.

2. During the month preceding this declaration, I received the following forms and amounts of income from defendant and/or third parties:

    a. Wages, Salary, Benefits or Other Compensation for Work    $_____

    b. Other Cash Payments or Constructively-Received Payments    $_____

    c. Property, Products, or Services With Fair Market Value Over $25  $_____

    d. Educational Grants or Other Discounts That Are Not Based on
        a Showing of Financial Need    $_____

DECLARATION OF INGE T. ANDERSON - 1

3. The address at which I would like to receive any funds due under Form I-864 for the preceding month is:

    _____

    _____

4. At this time I am ☐ / am not ☐ a U.S. citizen.

5. At this time I am ☐ / am not ☐ a lawful permanent resident residing in the U.S.

6. At this time I have ☐ / have not ☐ been granted adjustment of status based on a new affidavit of support.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____.
                (date)

                                        _____
                                                       (Signature)

DECLARATION OF INGE T. ANDERSON - 2