UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INGE T. ANDERSON,

    Plaintiff,

v.

SCOTT ALAN ANDERSON,

    Defendant.

NO. C17-0891RSL

ORDER DIRECTING ENTRY OF JUDGMENT

**Summary of Judgment**

| | |
|---|---|
| Judgment Creditor: | Inge T. Anderson |
| Judgment Debtor: | Scott Alan Anderson |
| Compensatory Damages: | $15,358.00 |
| Attorney's Fees: | $8,360.50 |
| Prejudgment Interest: | $139.33 |
| Post-judgment Interest Rate: | 1.53% per annum |

THIS MATTER comes before the Court on the verdict of the jury (Dkt. # 153), the Court's decision regarding plaintiff's equitable claim for specific (Dkt. # 166), plaintiff's motion for legal fees (Dkt. # 169),[1] and plaintiff's declaration of income for the remainder of 2019 (Dkt. # 185). It is hereby **ORDERED, ADJUDGED AND DECREED** that the Clerk of Court is directed to enter judgment in favor of plaintiff and against the garnishee defendant:

---

[1] The Court has not considered defendant's untimely response to the motion for attorney's fees.

ORDER DIRECTING ENTRY OF JUDGMENT - 1

- on the breach of contract claim in the sum of $15,358.00 for all amounts due and owing through December 31, 2019;
- for attorney's fees in the amount of $8,360.50;[2]
- for prejudgment interest accrued on or before January 14, 2020, in the amount of $139.33;[3]
- for post-judgment interest at the rate of 1.53% per annum from January 15, 2020, until the judgment is paid in full; and
- on the specific performance claim as set forth in the Court's orders at Dkt. # 166

---

[2] Plaintiff is entitled to recover properly-documented legal fees and other costs of collecting amounts owed under the Affidavit of Support (Form I-864) pursuant to 8 U.S.C. § 1183a(c). Having reviewed the exhibits supporting plaintiff's motion for legal fees, the Court awards plaintiff $8,360.50 as reimbursement for legal fees she paid in her efforts to enforce the I-864 obligations in both the Virginia proceedings and this litigation. (Billing entries that lump together disparate activities, some of which are recoverable and some of which are not recoverable, make it is impossible to determine what percentage of the block billing was related to enforcing the Affidavit of Support and have not been awarded.)

Plaintiff's request for payment for the time she personally spent seeking to enforce the Form I-864 obligations is denied regardless of whether the request is considered under the statute or under the Court's inherent powers. Plaintiff's time is neither a "legal fee" nor a "cost." Such an award would not further the statutory goal of reimbursement and would create a "disincentive for plaintiffs to retain independent - and hence effective - counsel . . . ." Kay v. Ehrler, 499 U.S. 432, 435 (1991) (holding that a lawyer who represents himself should be treated like other pro se litigants who are not entitled to an award of attorney's fees under 42 U.S.C. § 1988). See also Manos v. U.S. Dep't of the Air Force, 829 F. Supp. 1191, 1193 (N.D. Cal. 1993) (denying fees to a pro se lawyer who prevailed on a Freedom of Information Act claim, noting that "[w]hen no attorney's fees are incurred, the hardship which Congress intended to ease by way of the attorneys' fees provision does not surface."). While plaintiff may be entitled to an award of costs (see 8 U.S.C. § 1183a(c); U.S. v. Feldman, 788 F.2d 625, 626-27 (9th Cir. 1986)), she may not convert her time into "legal fees."

To the extent plaintiff seeks reimbursement for her time as damages or a sanction, the request is denied.

[3] Prejudgment interest is calculated at 1.53% per annum. See W. Pac. Fisheries, Inc. v. S.S. President Grant, 730 F.2d 1280, 1289 (9th Cir. 1984) (adopting the federal post-judgment interest rate set forth in 28 U.S.C. § 1961(a)). The jury found that defendant should have paid an additional $2,868.00 in the year ending December 31, 2016. That amount has been due and owing for three years, fourteen days. The $12,490 due for 2019 has accrued prejudgment interest for fourteen days.

ORDER DIRECTING ENTRY OF JUDGMENT - 2

and # 184.

An amended judgment will be entered if, upon review of plaintiff's pending motion (Dkt. # 172), costs are awarded.

Within seven days of the receipt of the judgment amount, plaintiff shall file a notice of satisfaction of the monetary judgment in the above-captioned matter.

DATED this 14th day of January, 2019.

Robert S. Lasnik
United States District Judge

ORDER DIRECTING ENTRY OF JUDGMENT - 3