UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INGE T. ANDERSON,

    Plaintiff,

v.

SCOTT ALAN ANDERSON,

    Defendant.

NO. C17-0891RSL

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO RETAX AND/OR RECONSIDER

This matter comes before the Court on plaintiff's motion to retax costs and reconsider the award of attorney's fees. Dkt. # 201.

**A. Attorney's Fees and Compensation for Time**

Plaintiff sought to recover legal fees paid to third-parties and compensation for the time she spent on this litigation in both her motion for attorney's fees (Dkt. # 169) and her motion for costs (Dkt. # 172). The Clerk of Court properly excluded these expenses from his taxation of costs. The undersigned, however, awarded $8,360.50 in attorney's fees after reviewing the fee petition and supporting documentation. Billing entries that did not allow the Court to discern what work was performed or what portion of the work related to enforcement of the Affidavit of Support were found to be insufficient and were not awarded. Dkt. # 200 at 2 n.2.

In this motion for reconsideration, plaintiff asserts that the billing records from her

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO RETAX AND/OR RECONSIDER - 1

Virginia attorney "clearly" differentiate between hours spent on the divorce proceeding and hours spent on I-864 issues. Dkt. # 201 at 3. She identifies six block-billed entries that she asserts should have been awarded. Two of them, from 8/21/15 and 8/23/15, were, in fact, awarded. Plaintiff misquotes the other four entries in an effort to make it appear that they relate solely to the Affidavit of Support.[1] They do not. Because these four entries lump together recoverable and unrecoverable fees with no way to differentiate between them, they were not, and will not be, awarded.

**B. Copying**

The Clerk of Court properly awarded copying costs as a subset of the $794.81 awarded for "service of summons and subpoena / copy costs." Dkt. # 198 at 2.

**C. Other Costs**

Although Federal Rule of Civil Procedure 54(d)(1) authorizes an award of costs (other than attorney's fees) to the prevailing party, the Supreme Court has held that 28 U.S.C. § 1920 enumerates the costs that may be taxed under the rule. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). The Clerk of Court properly limited the award of "costs" to those specified in 28 U.S.C. § 1920.

**D. Transcripts**

Plaintiff has submitted invoices for transcripts in the amount of $808.00. She asserts that the transcripts were included as exhibits, with the implication being that they were "necessarily

---

[1] For example, plaintiff asserts that the task performed on 8/19/15 was "research on affidavit of support" and the associated fees of $1,650.00 should have been awarded. Dkt. # 201 at 3. In the billing records, however, the tasks are described as "prep for trial / research on affidavit of support." Dkt. # 172-5 at 3.

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO RETAX AND/OR RECONSIDER - 2

obtained for use in the case." 28 U.S.C. § 1920(2). These expenses are allowable.

For all of the foregoing reasons, plaintiff's motion to retax and/or reconsider is GRANTED in part and DENIED in part. The Clerk of Court is directed to enter a second amended judgment reflecting an award of costs in the total amount of $1,973.64.

Dated this 6th day of March, 2020.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO RETAX AND/OR RECONSIDER - 3