UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INGE T. ANDERSON,<br><br>           Plaintiff,<br><br>    v.<br><br>SCOTT ALAN ANDERSON,<br><br>           Defendant. | NO. C17-0891RSL<br><br>ORDER DIRECTING ENTRY OF PARTIAL JUDGMENT ON REMAND |

This matter comes before the Court on remand from the Ninth Circuit for recalculation of damages. At trial, "[t]he jury accepted [Scott Anderson's] testimony regarding [Inge Anderson's] income and the financial support he provided to her from mid-2011 to mid-2019 and calculated damages accordingly." Dkt. # 209 at 5, n.5. The Ninth Circuit found, however, that the jury improperly credited Scott Anderson with amounts attributed to the provision of healthcare benefits and an unpaid judgment for attorney's fees. Having reviewed the trial transcript, the jury's verdict, the parties' appellate submissions, the Ninth Circuit's decision, and the remainder of the record, the Court finds that reducing the amounts credited to Scott Anderson for healthcare benefits ($5,976/annum or $498/month between June 2011 and April 2016) and for the attorney's fee award ($12,890 in 2017) results in a recalculation of annual damages as follows:

ORDER DIRECTING ENTRY OF
PARTIAL JUDGMENT ON REMAND - 1

| Year | Revised Income/Credit | Poverty Level | Recalculated Amt. Owed Plaintiff |
|---|---|---|---|
| 2011 | $7,346 | $10,890 | $0[1] |
| 2012 | $26,816 | $11,170 | $0 |
| 2013 | $33,708 | $11,490 | $0 |
| 2014 | $39,554 | $11,670 | $0 |
| 2015 | $53,197 | $11,770 | $0 |
| 2016 | $7,020 | $11,880 | $4,860 |
| 2017 | $4,880 | $12,060 | $7,180 |
| 2018 | | | $0 |
| 2019 | | | $7,286[2] |

The Clerk of Court is directed to enter an independent partial judgment in favor of plaintiff and against defendant on the breach of contract claim in the additional sum of $9,172, for prejudgment interest of $21.49 on that amount,[3] and for post-judgment interest at the rate of .07% per annum from the date of the independent partial judgment until the amount is paid in

---

[1] Scott Anderson was contractually obligated to provide plaintiff with the support necessary to maintain her income at the federal poverty level. His obligation began when he signed the contract in June of that year, and, consistent with the jury's determination, the amount owed has been prorated.

[2] No error was identified in the amount the jury credited Scott Anderson in 2018 or 2019.

[3] Prejudgment interest is calculated at .07% per annum. *See W. Pac. Fisheries, Inc. v. S.S. President Grant*, 730 F.2d 1280, 1289 (9th Cir. 1984) (adopting the federal post-judgment interest rate set forth in 28 U.S.C. § 1961(a)); Bd. of Goverors of the Fed. Reserve Sys., Selected Interest Rates (Daily) at https://www.federalreserve.gov/releases/h15/. Defendant should have paid an additional $1,992 in the year ending December 31, 2016. That amount has been due and owing for four years, forty-seven days. The $7,180 shortfall for 2017 has accrued prejudgment interest for three years, forty-seven days.

ORDER DIRECTING ENTRY OF
PARTIAL JUDGMENT ON REMAND - 2

full.

Dated this 16th day of February, 2021.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DIRECTING ENTRY OF
PARTIAL JUDGMENT ON REMAND - 3