UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INGE T. ANDERSON,

                Plaintiff,

    v.

SCOTT ALAN ANDERSON,

                Defendant.

NO. C17-0891RSL

ORDER DIRECTING ENTRY OF
CONSOLIDATED JUDGMENT

      This matter comes before the Court on plaintiff's "Motion for Recalculating and Entering Judgment." Dkt. # 215. There have been four judgments entered in the above-captioned matter. In addition, the Ninth Circuit has awarded plaintiff $13,597.50 in attorney's fees on appeal. Her request that all of the disparate awards in her favor be consolidated in a single judgment is unopposed and hereby GRANTED. The Clerk of Court is directed to enter a final and consolidated judgment in favor of plaintiff and against defendant as follows:

      In the amount of $25,831.47 plus post-judgment interest at the rate of 1.53% per annum from 1/15/2020 until paid in full.[1]

      In the amount of $9,193.49 plus post-judgment interest at the rate of 0.07% per annum from 2/16/2021 until paid in full.

---

[1] Any payments made shall be applied to this portion of the judgment until paid in full.

ORDER DIRECTING ENTRY OF
CONSOLIDATED JUDGMENT - 1

In the amount of $13,597.50 plus post-judgment interest at the rate of 0.07% per
annum from 3/17/2021 until paid in full.

Plus specific performance of defendant's obligations under the Affidavit of Support
(Form I-864) as set forth in the Court's orders at Dkt. # 166 and # 184.

Plaintiff also requests that the Court enter judgment on amounts owing for periods of time not
considered by the jury. The Court declines. Plaintiff's motion contains assertions that are
unsupported (such as the claim that defendant has left the military), are insufficient to perform
the necessary calculations (there is no indication when the I-864 obligation supposedly increased
from 100% of poverty level to 125% of poverty level), and are inconsistent with the Court's
prior rulings (plaintiff declares that she has received no income in 2020 but has apparently - and
improperly - excluded funds she received from the government without any obligation to repay).

Upon entry of the final and consolidated judgment, the above-captioned matter is closed.
Plaintiff is free to execute on the consolidated judgment pursuant to Fed. R. Civ. P. 69 and, if
additional amounts became due and remain owing after December 31, 2019, she may file another
breach of contract claim to have those amounts adjudicated and awarded.[2]

Dated this 22nd day of June, 2021.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[2] In the alternative, plaintiff could file a motion for contempt of court, in which case she will
have the burden of demonstrating that the alleged contemnor violated the Court's order by clear and
convincing evidence, not merely a preponderance of the evidence. *In re Dual-Deck Video Cassette
Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)